## STATE COURT OF APPEALS—Continued

No. 372
### PENNA. R. CO. v. EMLINE

Ohio Appeals, 6th Dist., Lucas Co.
No.        Decided Dec. 15, 1924

658. INTERROGATORIES—Before a gen-verdict will be set aside the answer to the interrogatory must be clearly irreconcilable.

829. NEGLIGENCE. State rule as to comparative negligence does not apply but Federal Employers' Liability Act does, where employe is engaged in interstate commerce.—Damage not inadequate.

RICHARDS, J.

Emline, a brakeman, was injured by being struck by an overhead stone bin while riding on the top of a box car. This stone bin extended over three spur tracks. On the occasion of the injury to Emline, a box car was on one of these tracks and the clearance between the top of the box car and the bottom of the stone bin was not sufficient to make it safe for a man to ride in an upright position on top of the box car while it was passing under the bin. A few minutes before the accident the cars had been moved easterly under the stone bin and Emline had crouched in order to prevent the stone bin from hitting him. On the way out he was struck by the bin and injured.

In the first trial the court directed a verdict for the Railroad Co. but the Court of Appeals reversed the judgment and held that there was sufficient evidence to carry the case to the jury. On the re-trial the jury rendered a verdict for the plaintiff in the sum of $1,000. The Railroad Company submitted this interrogatory to the jury: "Did the plaintiff just before the accident ride under a stone bin on a box car going easterly?" This interrogatory was answered "Yes". The R. R. Company contended that this showed that the plaintiff could not recover. In affirming the judgment, the Appeals held:—

1. Before the general verdict can be set aside, it must appear that the affirmative answer to an interrogatory is absolutely irreconcilable with it. As the answer to the interrogatory did not show that he knew, or ought to have known, of the close clearance, the special finding was not absolutely irreconcilable.

2. Where one is engaged in interstate commerce, the Federal Employers' Liability Act, and not the state statute, governs on the question of contributory negligence. The Court was in error in charging that if the negligence of the plaintiff was as great or greater than that of the defendant, he could not recover, for under the Federal Statute, if the defendant was guilty of the negligence directly contributing to the injury, the employee is not barred of recovery, entirely even though he may have been guilty of greater negligence than the defendant Company.

3. It cannot be said that the verdict was grossly inadequate.

Attorneys—Marshall & Fraser and George R. Effler, for Pennsylvania R. R. Co.; Deeds & Cole, for Emline; all of Toledo.

---

No. 373
### STROEMPL v. CLEVELAND (City)

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5416.    Decided Jan. 12, 1925.

801. MUNICIPAL LAW—Ordinance not considered unconstitutional even though it gives reason to believe it is incomplete, by asterisks which are inserted where said ordinance was amended.

SULLIVAN, J.

There is an ordinance of Cleveland which provides that when a person is injured due to driving or operation of any vehicle, and if the person so driving has knowledge of the accident, he shall stop and upon request, give his name and address together with the registered number, if vehicle is motor propelled. John Stroempl was convicted in the Municipal Court on an affidavit under such an ordinance. He prosecuted error and contended that the ordinance under which conviction was had was unconstitutional because when the ordinance was amended and some part taken out, asterisks were inserted in its place, and these signs indicate something was left out and therefore, the ordinance was void, because it was not all there. Stroempl further contended that the affidavit was insufficient in law to constitute an offense. The Court of Appeals held:

1. The question is not what the asterisks inserted in the ordinance indicated, but whether as a fact it is incomplete. The ordinance, properly amended, is incorporated in the Book of Ordinances in Cleveland, so that it makes no difference what the signs indicate. If the ordinance as amended is complete in all its parts the ordinance itself as passed by the Municipal body is the best evidence of what it contains.

2. The affidavit charging Stroempl, sufficiently apprised him of what he was charged, and it will therefore stand. Judgment of the Municipal Court affirmed.

Attorneys—Chas. B. Solders for Stroempl; J. F. Smith, for City; both of Cleveland.